**No. 47315.**—Petition 6176–R of Collin & Gissel (Maurice Pincoffs Co.) (Galveston).

KINCHELOE, Judge: This is a petition filed under the provisions of section 489, Tariff Act of 1930, praying for the remission of additional duties accruing thereunder by reason of the final appraised value of the merchandise exceeding the entered value on an importation of Argentine "Wheat Fancy Middlings," exported from Buenos Aires, Argentina, to the port of Houston, Tex.

The first witness in this case was J. A. Shannon, who testified in substance that he is an employee of Collin & Gissel, custom brokers, who made this entry for the petitioners; that in making the entry he was of the opinion that this merchandise was dutiable at the specific rate of 42 cents per bushel under paragraph 729, Tariff Act of 1930, and in view of this fact, he deposited $1,553.16 as the duty under said specific rate. But later the appraiser appraised and the collector classified this merchandise on an ad valorem basis of 5 percent and assessed duty in the total sum of $67.05, and the sum of $1,476.11, the balance of said deposit after paying the duty, was refunded to the petitioners by the collector. However, this witness entered the merchandise at the invoice price of $1,071, and the appraiser appraised it at $1,341, or at an advance of $270, which, at 5 percent, made an increase in the total amount of duty assessed and collected of $13.50. The witness further stated that this was the first entry of this character of merchandise that this brokerage firm had ever entered, and in view of the fact that he was of the impression that it was dutiable at the specific rate of 42 cents per bushel he did not make an effort to ascertain the correct dutiable value of same on an ad valorem basis, and that the appraiser had appraised the merchandise on an ad valorem rate before he ascertained this fact from him.

The second and last witness to testify was Edmund Pincoffs. He stated in substance that he was one of the partners of the petitioning company; that the firm of Collin & Gissel made this entry for the petitioners; that he submitted to them the documents affecting this entry; that the invoice price was the price the petitioners paid for the merchandise; that after he had ascertained that the appraiser had appraised and that the collector had classified this merchandise on an ad valorem basis at the rate of 5 percent, he did not take an appeal to reappraisement because of the fact that the raise in the value of the merchandise on an ad valorem basis amounted to only $270, and, with the rate of duty being 5 percent, it increased the duty only $13.50, which did not warrant the expense of an appeal to reappraisement; that he had no information at the time of the entry of the merchandise that the value of same was any higher than the entered value, and that there was no intent on his part to withhold any information from the customs officers in connection with the entry of the instant merchandise.

We have carefully examined the entire record before us, and are satisfied that the entry of the items of merchandise covered by the shipment in question at a less value than that found upon final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts in the case, or to deceive the appraiser as to the true value of the merchandise.

The petition is therefore granted, and judgment will be rendered accordingly.